

FILED
2011 JUL 28 PM 3:10
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

Christopher January
1417 South Ridgeley DR.
Los Angeles, CA. 90019
Ph: 310-984-8013
colist@iax1.inbox5.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER JANUARY

Plaintiff

v.

BANK OF AMERICA, N.A.,

TD SERVICE COMPANY

Defendant(s),

CASE NUMBER: SACV11-1133-AG (RNBx)

**COMPLAINT**

Comes now Christopher January hereinafter referred to as "Plaintiff," and moves the court for relief from fraudulent proceedings described herein:

### Parties

(1) Plaintiff in the instant, Christopher January hereinafter referred to as "Principal Plaintiff." Principal Plaintiff can be contacted at the property under dispute in this lawsuit 1417 South Ridgeley Dr., Los Angeles, California.

(2) Defendants can be contacted through the following listed service Agents.

| BANK OF AMERICA, N.A. / | TD SERVICE COMPANY / |
|---|---|
| CT CORPORATION SYSTEM | PATRICK J. DOBIESZ |
| 818 W SEVENTH ST. | 1820 E. FIRST STREET, SUITE 300 |
| LOS ANGELES CA 90017 | SANTA ANA CA 92705 |





PAID
JUL 2 8 2011
Clerk, U.S. District Court

## Jurisdiction and Venue

(3) This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1332 placing the District Court in the position of Jurisdiction over:

    a. claims of Federal Questions concerning Fair Debt Collection Practices Act, hereinafter referred to as " 15 U.S.C. 1692;"

    b. questions and claims of violation of Constitutionally protected Fundamental Rights;

    c. violations of Plaintiff's common-law Rights in matters involving Federal Corporations and Interstate Commerce in the form of lending and Banking;

    d. violations of Plaintiff's Rights codified pursuant to Interstate Law/Compact entitled the Uniform Commercial Code ("UCC" hereafter).

(4) The amount in controversy exceeds $ 75,000.00.

(5) This court also has supplemental jurisdiction over all other claims that are so related to claims in this action that they form part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367.

(6) Venue is properly laid in the Federal Court of the United States in the Judicial District, pursuant to 28 U.S.C. § 1391(c).

(7) Plaintiff avers that the court has in personam jurisdiction over the named Defendant(s) as Defendant(s) are subject to the Jurisdiction of this Federal Court by the following facts:

    a. Defendants has entered into interstate commerce by causing to be transmitted through the United States Mail, - Title 18 § 1241.

    b. Defendants is subject to the FDCPA - Title 15 § 1692 et. seq. by acting as a Debt Collector, in that Defendants are not the originator of the alleged debt, neither are Defendants bona fide agents of the originator or subsequent true holder of the alleged debt.

## Statement of Facts

(8) Plaintiff states as a fact that BOFA, on or about 6/28/2011 caused to be prepared and sent to Plaintiff, a document noticing Plaintiff that BOFA was the agent for the holder of a claim against Plaintiff and the personal and real property of Plaintiff.

(9) Defendants made demand on Plaintiff for payment of an alleged debt. Defendants claimed authority to collect said debt. Defendants claimed the existence of a document establishing a lien against the property owned by Plaintiff. Defendants claimed authority to exercise the provisions of said lien document. Plaintiff never entered into a contractual agreement with Defendants. Defendants claimed authority to exercise foreclosure on an alleged lien against the property. Plaintiff never created a document creating a lien against Plaintiff's real property to the benefit of Defendants.

## Factual Accusation

(10) Plaintiff, on investigation and belief, alleges that Defendant has perpetrated, and continues to perpetrate a fraud against Plaintiff by attempting to collect a debt when no debt exists which Defendant has standing to collect.

(11) Plaintiff, on investigation and belief, alleges that Defendant violated the Fair Debt Collections Protections Act to the detriment of Plaintiff by:

   a. using false, deceptive, and misleading representations or means in connection with the collection of an alleged debt wherein Defendant misrepresented the character, amount, and legal status of the alleged debt; (15 USC 1692(e)(2)) & (f), and

   b. threating to take action against Plaintiff that could not legally be taken. (15 USC 1692(e)(5))

   c. causing to be sent to Plaintiff, through the United States mail, fraudulent demands for payment for which Defendants had no authority to make.

(12) Plaintiff alleges and avers that Defendants caused to be sent through the United States Mail Service, fraudulent demands for payment from Plaintiff in order to facilitate the herein alleged fraud.

(13) Plaintiff alleges and avers that BOFA subjected Plaintiff to a fraud scheme to collect monies not owed to Defendant and that BOFA intended to collect the full amount on an alleged debt which, over the term of the alleged debt would amount to $488,331.93 as of July 4, 2011.

(14) Plaintiff alleges and avers that the above alleged scheme has the result of making it impossible for a purchaser of a private residence involved in said scheme to ever achieve the primary purpose of the contract, that of achieving quiet title at completion of the contract.

(15) Plaintiff alleges and avers that Defendants failed to exercise due diligence concerning Defendant's standing to collect the alleged debt claimed by Defendants to be owed to BOFA or Defendant's principal, by Plaintiff.

(16) Plaintiff alleges and avers that Defendants subjected Plaintiff to severe emotional stress through direct or implied threat that Plaintiff would lose Plaintiff's primary place of residence if Plaintiff failed to pay the extortion demanded by Defendants.

## Plaintiff Demands Strict verified proof

(17) Plaintiff herein demands strict verified proof, according to the rules of evidence all of the following:

    a. that Plaintiff entered into a legal and binding contract with Defendant that would establish the alleged debt;

    b. that Defendant is the true holder of said debt instrument;

(18) Plaintiff herein demands strict verified proof, according to the rules of evidence and the Uniform Commercial Code that BOFA is the true holder of said debt instrument by production of the original contract upon which Defendant claims authority to demand payment.

(19) Plaintiff herein demands strict verified proof, according to the rules of evidence, of the standing of every signatory on each and every document filed into any court record concerning the property, or sent to Plaintiff or any other entity concerning the alleged obligation Defendants have attempted to collect from Plaintiff.

(20) In the event that Defendants were to prove that a debt claim exists against the property, and that BOFA is the holder or agent for the holder of said debt, Plaintiff demands strict verified proof

that Defendant's claim against the debt is the singular and exclusive claim based on the purported contract, the basis of which Defendants are attempting to collect a debt.

(21) Plaintiff herein demands strict verified proof, according to the rules of evidence that:

    **a.** Plaintiff entered into a contract with Defendants, or Defendant's principal for whom Defendants claims to act as agent, granting Defendants a legal claim against the property as protection against loss in the event Plaintiff failed to meet the obligations of the above alleged debt.

    **b.** Defendants are the true and exclusive holder, or are the proper agent for said holder, of said legal claim against the property.

    **c.** That, the alleged document purporting to create a lien against the property was granted by Plaintiff to Defendants or to Defendant's principal for whom Defendants claims to be acting as agent.

(22) In the event Defendants claims to have received assignment of the alleged debt instrument, Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendants, or Defendant's principal, is the exclusive holder of said instrument.

(23) In the event Defendants are able to produce a bona fide lien document, Plaintiff herein demands strict verified proof that Plaintiff granted such claim to Defendants by name, BOFA is, and at all times has been the holder of the alleged note purporting to evidence a debt.

(24) Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendants, at no time, received consideration in return for a transfer of the above referenced note, the basis of which the above referenced lien document was allegedly written as protection against loss to the holder, to a third party for consideration tendered.

(25) In the event Defendants claims to be the holder of a lien document that was not granted directly to Defendants in Defendant's name, or in the name of the principal for which Defendants claims to act as agent, Plaintiff herein demands strict verified proof, according to the rules of evidence, of a complete chain of legal possession of said lien document.

(26) In the event Defendants are able to produce a complete chain of legal possession of the above referenced document purporting to create a lien against the property, Plaintiff herein demands strict verified proof, according to the rules of evidence that, at all times, the ownership of the alleged lien document and the alleged note were transferred together such that, at no time, one entity held the alleged lien and another held the alleged note.

(27) In the event that Defendants were to prove that a debt claim exists against the property, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported debt claim which Defendants are attempting to collect.

## Causes of Action

**FDCPA – 1st CAUSE OF ACTION**

(28) Comes now Plaintiff, and hereby complains and alleges that the Defendants did violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692e and 1692f by providing false and misleading information by mailing a dunning letter dated 6/5/2009 by U.S.P.S. to the Plaintiff which asked for a lump sum of money. Defendants failed to prove up the existence of a debt to which Plaintiff was liable. Defendants failed to provide evidence to show that BOFA was a bona fide holder of a debt instrument to which Plaintiff was liable. Defendants failed to show agency for a bona fide holder of a debt instrument to which Plaintiff was liable. Defendants further failed to show that said bona holder was also a bona fide holder of a document establishing a lien against real property owned by Plaintiff. Defendants further failed to itemize the various charges that comprised the total amount of the alleged debt. Defendants failed to clearly and fairly communicate information about the amount of the alleged debt to Plaintiff. This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs, this in violation of 15 U.S.C. 1692(e).

Defendants used false, deceptive and misleading representations in connection with collection of any debt" 15 U.S.C § 1692e. By demanding payment of a debt Plaintiff did not owe and by making direct, indirect, and veiled threats of dire consequences to Plaintiff if Plaintiff failed to pay

the alleged debt, Plaintiff acted in clear violation of 15 U.S.C. 1692(f). Fields v. Wilber Law Firm, USCA-02-C-0072, ". Circuit Court, Sept 2, 2004B.

**FDCPA – 2nd CAUSE OF ACTION**

(29) Defendants "Bill" meets the definition of overshadowing. The overshadowing in the document sent to the Plaintiff stated to "balance due" and "account paid in full which overshadows the consumer warning on the document.
1996 U.S. Dist. LEXIS 22555, DEBRA TYCHEWICZ, Plaintiff, v. RICHARD DOBBERSTEIN d/b/a CREDIT ASSOCIATES, Defendant. 96-C-0195-S USDC FOR THE WESTERN DISTRICT OF WISCONSIN

**Common Law Fraud**

(30) TD SERVICE, on March 9, 2009 caused to be sent to Plaintiff, through the United States Mail, a letter demanding that Plaintiff a sum in the amount of $19,241.65 . The letter was in the form of a demand to cure default, monthly payment. Plaintiff was miss-lead into believing that Plaintiff was under obligation to forfeit Plaintiff's personal property to TD SERVICE. TD SERVICE made the above referenced demand on Plaintiff under the guise of being a debt collector, attempting to collect a debt TD SERVICE alleged Plaintiff owed to BOFA or the principal BOFA claimed to be acting as agent for.
(31) Defendants made a false representation to Plaintiff demanding payment on a debt. Defendants knew, or should have known that said demand was made without standing or capacity on the part of either Defendants. Defendant intended that Plaintiff accept the representation of Defendants as true. Plaintiff believed Defendant and was harmed thereby.
(32) Defendants, by falsely demanding payment from Plaintiff when Defendants lacked standing and/or capacity to make such demand was an act of criminal fraud which results in the civil tort alleged here under the cause of action of common law fraud or fraud per se.

**Extreme Emotional Distress**

(33) Defendants made threats against which included threats of the forfeiture of Plaintiff's personal property. Defendants made demand for payment of amounts to which these Defendants were not entitled. Defendant made said demand under threat of seizing Plaintiff's real property. Defendant's demands were extreme and the proximate cause of Plaintiff being put in a position of fear of losing Plaintiff's primary residence and of being rendered homeless. As a result Plaintiff suffered severe emotional distress.

(34) Even if Defendant did not act with malice, Defendant is liable for negligent inducement of emotional distress as even if Defendant's actions were not intended to produce extreme emotional distress, Defendant was negligent as to the emotional distress caused by these actions.

**Stipulation Subject to Discovery**

(35) In the interest of judicial economy and of limiting the scope of this litigation, Plaintiff is prepared to stipulate Defendant's standing and file an amended complaint, without requiring Defendants to prepare an answer to the current complaint, if Defendants provides proof of said standing as demanded above.

**Jury demand**

(36) Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

## Prayer

WHEREFORE, Plaintiff prays for judgment against the Defendants and Defendant's co-conspirators as follows:

1. For quite title to Property against claims by Defendants;
2. For disgorgement of all amounts wrongfully acquired by Defendants according to proof at trial;
3. For three times the amount Defendants intended to defraud Plaintiff of. A sum equal to $1,464,996.
4. For pain and suffering due to extreme mental anguish in an amount to be determined at trial.
5. For pre-judgment and post-judgment interest according to proof at trial;
6. For attorney's fees and costs as provided by statute; and,
7. For such other relief as the Court deems just and proper.

Respectfully,

*[signature]* 7/28/2011

Christopher January

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| Christopher January | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | SACV11-1133-AG(RNBx) |
| v. | |
| Bank Of America, N.A., TD Service Company | SUMMONS |
| DEFENDANT(S). | |

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Christopher January_____, whose address is _1417 South Ridgeley Dr. Los Angeles, Ca 90019_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _7/28/11_____    By: _____CHRIS SAWYER_____
                                                 Deputy Clerk

                                                 (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                   **SUMMONS**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☒)

Christopher January

**DEFENDANTS**

BANK OF AMERICA, N.A.,
TD SERVICE COMPANY

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Christopher January   310-984-8013
1417 South Ridgeley DR.
Los Angeles, CA. 90019

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ $1,464,996

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act, 15 U.S.C. 1692e and 1692f ;

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| | | | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | | | ☐ 444 Welfare | | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| | REAL PROPERTY | | | ☐ 640 R.R. & Truck | |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☒ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☒ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles<br>Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  7/28/2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

### SACV11- 1133 AG (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY