Lawrence J. Dreyfuss, Bar No. 76277
THE DREYFUSS FIRM
A Professional Law Corporation
7700 Irvine Center Drive, Suite 710
Irvine, California 92618
(949) 727-0977; Facsimile (949) 450-0668

Attorneys for Defendant T.D. Service Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JANUARY,<br><br>  Plaintiff,<br>vs.<br><br>TD SERVICE COMPANY,<br><br>  Defendants | Case No.: SACV11-1133-AG (RNBx)<br><br>DEFENDANT T.D. SERVICE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[FRCP Rule 12(b)(6)]<br><br>Filed concurrently with Request for Judicial Notice<br><br>DATE: October 17, 2011<br>TIME: 10:00 a.m.<br>COURTROOM: 10D |

TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 17, 2011, at 10:00 a.m. in Courtroom 10D of the above-entitled court located at 411 W. Fourth Street, Santa Ana, California 92701, defendant T.D. Service Company will move this court for an order dismissing it from the Amended

Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

This motion is based upon this Notice, the supporting Memorandum of Points and Authorities set forth below, the Request for Judicial Notice, the contents of the Amended Complaint, and all additional documents in the court file.

DATED: August 22, 2011

THE DREYFUSS FIRM
A Professional Law Corporation

By: _____
LAWRENCE J. DREYFUSS
Attorneys for Defendant
T.D. Service Company

1040-2621

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff has asserted four purported causes of action, all of which arise from plaintiff's contention that T.D. Service Company ("T.D.") is not the holder of the underlying Note and Deed of Trust. As can be seen from the foreclosure documents accompanying the Request for Judicial Notice, the moving party, T.D. is a foreclosure company hired to be substituted in as trustee to process the foreclosure. As substituted trustee, T.D. is entitled as a matter of law to rely upon the information provided by the beneficiary (see Civil Code § 2924(b)). T.D. claims no interest in the loan. For unexplained reasons, plaintiff dismissed the beneficiary, Bank of America, from the lawsuit when he filed his Amended Complaint. As such he seeks to quiet title and to obtain related relief but dismissed the very defendant who holds such an interest who would be affected by such a ruling. Bank of America as beneficiary is a necessary party for this equitable relief and the case cannot reasonably proceed in its absence. As discussed below in more detail, T.D.'s sole obligations as trustee are set forth in the statutory framework contained within California Civil Code § 2924 et seq. T.D. is a disinterested neutral party merely retained to process the foreclosure. Suing T.D. here is like suing the recorder's office for allowing the notices to be recorded or the newspaper for publishing the notice of trustee's sale. A foreclosure trustee's duties to the trustor are no greater and are carefully limited and defined by statute. Plaintiff's Amended Complaint fails to state any proper cause of action against T.D.

## II.

## THE FIRST AND SECOND CAUSES OF ACTION FAIL TO STATE A CLAIM AGAINST T.D. SERVICE COMPANY FOR UNFAIR PRACTICES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT

As indicated above, T.D.'s sole role in this transaction was as substituted trustee to process the nonjudicial foreclosure. Civil Code § 2924(b) provides:

> "In performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage. <u>In performing the acts required by this article, a trustee shall not be subject to Title 1.6c (commencing with section 1788) of Part 4.</u>" (emphasis added).

Since T.D. was solely acting as substituted trustee, and since Civil Code § 2924 expressly provides that a trustee is not subject to the California Fair Debt Collection Practices Act set forth in § 1788 et seq., T.D. cannot possibly be liable for unfair debt collection practices pursuant to the state act.

Moreover, plaintiff's allegations relating to the FDCPA claim concern foreclosure proceedings, and courts throughout this circuit have concluded that foreclosure does not constitute "debt collection" under the FDCPA. See, e.g., <u>Deissner v. Mortgage Elec. Regis. Sys.</u>, 618 F.Supp.2d 1184, 1189 (D.Ariz. 2009) aff'd 2010 WL 2464899 (9th Cir. June 17, 2010); <u>Landayan v. Washington Mutual Bank</u> 2009 WL 3047238, at 3 (N.D.) Cal.Sept.18, 2009) (citing

Maguire v. Citicorp. Retail Svcs., Inc., 147 F.3d 232, 236 (2d Cir. 1998) and Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)).

Since neither the state nor federal statute applies, T.D.'s motion to dismiss the fair debt collection causes of action should be granted.

### III.

### THE THIRD CAUSE OF ACTION FOR FRAUD
### FAILS TO STATE A CLAIM AGAINST T.D. SERVICE COMPANY.

It is well established that fraud and deceit must be pled with specificity. FRCP Rule 9(b); Witkin, California Procedure, "Particularity in Pleading" § 711, p. 126 and multiple citations therein. Where, as here, the fraud cause of action is asserted against a corporation, "[t]he requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mutual Auto Insurance Company (1991) 2 Cal.App.4th 152, 157. Plaintiff's Amended Complaint fails to include any such allegations against T.D.

All of the allegations in the Amended Complaint allege that the purported fraud occurred when a "letter" was sent by T.D. demanding payment. As can be seen from the Request for Judicial Notice, this "letter" was actually the Notice of Default initiating the nonjudicial foreclosure. A fraud cause of action requires allegations that the plaintiff detrimentally relied upon the purported misrepresentation. 5 Witkin, California Procedure § 710, p. 125. Plaintiff acknowledges that he has always contested this debt. There are no allegations that plaintiff detrimentally relied on any representations made by T.D. when it

mailed the Notice of Default. On the contrary, plaintiff contests the statements made in that Notice, and nowhere alleges that he relied upon its contents in any way.

The duties of the trustee are strictly limited by the statutory framework in Civil Code § 2924 et seq. The California Supreme Court in the case of I.E. Associates v. Safeco Title Insurance Company (1985) 39 Cal. 3d 281 expressly held that the duties of a trustee are fully set forth in the statutory framework contained within Civil Code § 2924 et seq. The court in I.E. Associates stated that "The rights and powers of trustees in nonjudicial foreclosure proceedings have long been regarded as strictly limited and defined by the contract of the parties and the statutes (multiple cites)." 39 Cal.3d at 287. It confirmed that the legislature "occupied the field" in defining the duties required of trustees (39 Cal.3d at 285) and held:

> "In short, there is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale beyond those specified in the deed and the statutes. There are, moreover, persuasive policy reasons which militate against a judicial expansion of those duties. Non-judicial foreclosure statutes – an alternative to judicial foreclosure reflect a carefully crafted balancing of interests of beneficiaries, trustors, and trustees." (39 Cal.3d 288.)

Such a finding has more recently been confirmed in subsequent decisions such as Banc of America Leasing & Capital LLC v. 3 Arch Trustee Services, Inc. (2009) 180 Cal.App.4th 1090, 1097 ("The rights and powers of trustees in nonjudicial foreclosure proceedings are strictly limited and defined by the contract of the parties and the statutes."; Residential Capital v. Cal-Western Reconveyance Corp. (2003) 108 Cal.App.4th 807, 827 ("The comprehensive statutory

framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . No negligence cause of action need be recognized here. Otherwise, we would be engaging in judicial legislation by grafting a tort remedy onto a comprehensive statutory scheme in the absence of a compelling justification for doing so."; Kachlan v. Markowitz (2008) 168 Cal.App.4th 316, 334 ("The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes. No common law duties exist."). Since nonjudicial foreclosure is a state law proceeding, this court should defer to California foreclosure law in addressing it. Butner v. United States (1979) 444 U.S. 48, 55; 59 L.Ed.2d 136, 142; 99 S.Ct. 914, 920.

Moreover, a trustee owes no duty to second guess the information provided by the beneficiary seeking to foreclose. On the contrary, Civil Code § 2924 expressly provides at subsection b that "[i]n performing acts required by this article, <u>the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default</u> under the secured obligation, deed of trust, or mortgage." Likewise, subpart d provides that "[t]he mailing, publication, and delivery of notices as required by this section . . ." and "[p]erformance of the procedures set forth in this article . . ." are all privileged acts. So the allegations in the Amended Complaint that there is a lack of standing to enforce the loan documents by foreclosing is an issue between plaintiff and the beneficiary, Bank of America, who has been dismissed from the case. As trustee, T.D.'s reliance on that information supplied by the beneficiary is protected by law. There is nothing in the statutory framework of Civil Code § 2924 et seq. that calls upon the trustee to second guess the beneficiary. Moreover, there are no allegations that plaintiff relied

upon these representations in the foreclosure documents, and therefore no cause of action for fraud has been stated. The third cause of action should therefore be dismissed as to T.D.

IV.

## THE FOURTH CAUSE OF ACTION FAILS TO STATE A CLAIM AGAINST T.D. FOR INFLICTION OF EMOTIONAL DISTRESS.

It is well established that no cause of action can be stated for infliction of emotional distress in the context of economic damages as are alleged here. (See: Butler-Rapp v. Lourdeaux (2005) 134 Cal.App.4th 1220, 1227; Branch v. Homefed Bank (1992) 6 Cal.App.4th 793, 801; Smith v. Superior Court (1992) 10 Cal.App.4th 1033, 1040).

T.D. certainly cannot be found to have inflicted emotional distress on plaintiffs by proceeding with the foreclosure pursuant to the statutory framework in Civil Code § 2924 et seq. (See I.E. Associates v. Safeco Title Insurance Company (1985) 39 Cal.3d 281, 285-288; Bank of America Leasing & Capital LLC v. 3 Arch Trustee Services, Inc. (2009) 18 Cal.App.4th 1090, 1097; Residential Capital v. Cal-Western Reconveyance Corp. (2003) 108 Cal.App.4th 807, 827; Kachlan v. Markowitz (2008) 168 Cal.App.4th 316, 334), since these are privileged acts (Civil Code § 2924(d)).

Moreover, as explained by the court in Trerice v. Blue Cross of California (1989) 209 Cal.App.3d 878, 883:

> "In order to state a cause of action for intentional infliction of emotional distress, a plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff is suffering severe or extreme emotional distress; and

(4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. (citation). <u>Conduct, to be 'outrageous' must be so extreme as to exceed all bounds of that usually tolerated in a civilized society.</u>" (emphasis added).

In BAJI 12.74, such "extreme and outrageous conduct" is defined as follows:

"<u>Extreme and outrageous conduct is conduct which goes beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community</u>.

Extreme and outrageous conduct is not mere insults, indignities, threats, annoyances, petty oppressions or other trivialities. All persons must necessarily be expected and required to be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate and unkind.

Extreme and outrageous conduct, however, is conduct which would cause an average member of the community to immediately react in outrage." (emphasis added).

Needless to say, the mere processing of a nonjudicial foreclosure based upon information provided by the foreclosing beneficiary upon which the trustee is permitted as a matter of law to rely (see Civil Code § 2924(b)) cannot be viewed as "atrocious and utterly intolerable" and "so extreme as to exceed all bounds of that usually tolerated in a civilized society." Plaintiff's fourth cause of action as against defendant T.D. as substituted trustee is therefore without legal or

1 | factual basis, and it should be dismissed.

2 | DATED: August 22, 2011                    THE DREYFUSS FIRM, plc

4 |                                           By:    LAWRENCE J. DREYFUSS
                                              Attorneys for Defendant T.D. Service Company

PROOF OF SERVICE (By Mail)
(CCP Section 1013a(3))

I am over the age of 18, and I am not a party to the within action. I am employed by THE DREYFUSS FIRM. PLC, in the County of Orange, at 7700 Irvine Center Drive, Suite 710, Irvine, CA 92618.

On August 23, 2011, I served the attached: **Defendant T.D. Service Company's Notice of Motion and Motion to Dismiss Amended Complaint** on the interested parties in this action by placing true copies thereof in sealed envelopes, addressed as follows:

**Christopher January**
**1417 South Ridgeley Drive**
**Los Angeles, CA 90019**

[ X ]  **(By Mail)**  I placed said envelopes for collection and mailing, following ordinary business practices, at the business offices of THE DREYFUSS FIRM, PLC at the address set forth above, for deposit in the United States Postal Service. I am readily familiar with the practice of THE DREYFUSS FIRM, PLC for collection and processing of correspondence for mailing with the United States Postal Service, and said envelopes will be deposited with the United States Postal Service on said date in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **(By Facsimile Transmission)**  I served the above-described document on the interested parties in this action by sending a true copy thereof by facsimile transmission pursuant to California rules of Court, Rule 2009(i)2, from facsimile machine number (949) 450-0668. The facsimile machine I used complied with California Rules of Court, Rule 2003(3), and no error was reported by the machine. Pursuant to Rule 2009(i)4, I caused the machine to print a transmission record of the transmission

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on August 23, 2011, at Irvine, California.

_____
Roma Klein