Christopher January
1417 South Ridgeley Dr.
Los Angeles, CA. 90019
Ph: 310-984-8013
colist@iax1.inbox5.com

FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 2 4 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JANUARY<br><br>**Plaintiff**<br><br>v.<br><br>TD SERVICE COMPANY<br><br>**Defendant(s),** | **CASE NUMBER:**<br><br>SACV11-1133-AG(RNBx)<br><br>**PETTITION FOR RESTRAINING ORDER** |

Comes now  CHRISTOPHER JANUARY , hereinafter referred to as "Petitioner," and moves the

court for relief as herein requested:

## PARTIES

Petitioner is CHRISTOPHER JANUARY ,  1417 South Ridgeley Dr; Los Angeles, CA. Currently

Known Defendant(s) are/is:  **TD SERVICE COMPANY** 1820 E. First Street, Suite 300

Santa Ana, CA 92705.

Plaintiff will suffer imminent and irreparable injury if defendant is not enjoined from

foreclosing on the property owned by Plaintiff. Fed. R. Civ. P. 65(b)(1); *see Sampson v. Murray,*

415 U.S. 61, 88-89 & n.59, 94 S. Ct. 937, 951-52 & n.59 (1974).

## NO ADEQUATE REMEDY IN LAW

There is no adequate remedy at law because once the foreclosure sale has taken place Plaintiff will suffer the complete loss of the property as defendant will sell the property to a third party who will have a right to possession without regard to the claims Plaintiff has against defendant. {*See N. Cal. Power Agency v. Grace Geothermal Corp., 469 U.S. 1306, 1306, 105 S. Ct. 459, 459 (1984); Wilson v. Ill. S. Ry. Co., 263 U.S. 574, 576-77, 44 S. Ct. 203, 203-04 (1924); Winston v. Gen. Drivers, Warehousemen & Helpers Local Un. No. 89, 879 F. Supp. 719, 725 (W.D. Ky. 1995.*

## SUBSTANTIAL LIKELIHOOD PLAINTIFF WILL PREVAIL

There is a substantial likelihood that plaintiff will prevail on the merits. *Schiavo v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005).  Plaintiff will be able to show that:

- Defendant is liable to Plaintiff for any acts of lender under the Federal Trade Commission Holder Rule (16 CFR 433);

- Defendant who is moving to foreclose is not the real party in interest, and defendant is unable to prove that defendant has agency to represent the real party in interest;

- even if Defendant were able to prove agency for the real party in interest, the real party in interest only has a claim against the signator on the security instrument, and no a claim against the property as Document written to protect the original lender from loss was deliberately bifurcated from the security instrument at the time the lender accepted consideration for the security instrument, rendering the lien document void and unenforceable;

- the lender charged false fees to Plaintiff at closing, as listed on the Housing and Urban Development form 1 (settlement statement), that were forbidden to be charged by federal law;

- the lender dispersed a yield spread premium to the broker in an amount in excess of 1% of the principal in direct contradiction of federal law;

- the loan broker, in consideration of the undisclosed, excessive yield spread premium disbursed to the broker to the lender, breached his/her fiduciary duty to Plaintiff and gave false information to Plaintiff along with partial disclosure to Plaintiff without giving fill disclosure in order to improperly induce Plaintiff to accept an overpriced loan;

- the appraiser, acting in concert and collusion with the lender, gave a false appraisal of the value of the property in order to induce Plaintiff to accept a higher priced loan than Plaintiff qualified for;

## THREATENED HARM TO PLAINTIFF OUTWEIGHS HARM TO DEFENDANT

The threatened harm to plaintiff outweighs the harm that a preliminary injunction would inflict on Defendant. *Schiavo*, 403 F.3d at 1225-26. If defendant is temporarily restrained from selling the instant property, Defendant and Plaintiff will benefit as if Plaintiff is forced to vacate the property, the property will sit empty for duration of this instant action. Plaintiff will suffer loss of the use of said property and will loose opportunity to maintain same and Defendant will suffer loss by having to maintain an empty property that cannot be insured.

Issuance of a preliminary injunction would not adversely affect the public interest and public policy because there are already a great number of empty houses with the current residential foreclosure mess. Adding more will simply increase the burden on the local as it will create opportunity for vandalism and further other criminal activity.

## PLAINTIFF MAKING DUE DILIGENT EFFORT TO NOTICE DEFENDANT

Plaintiff has engaged a professional process server who is attempting to serve this petition, along with all other papers in the instant cause on Defendant. Plaintiff has mailed a copy of this petition to the last known address of Defendant.

## PLAINTIFF WILL SUFFER IMMEDIATE AND IRREPARABLE INJURY

The court should enter this preliminary injunction without notice to defendant because plaintiff will suffer immediate and irreparable injury, loss, or damage if the order is not granted before defendant can be heard as defendants sale of the property is scheduled to occur on September 9, 2011. *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). If said sale is allowed to take place, Plaintiff will be irreparably harm

## SET DATE FOR SHOW CAUSE HEARING

Plaintiff asks the court to set the request for a preliminary injunction for hearing at the earliest possible time.

## CONCLUSION

For these reasons, plaintiff asks the court to issue a temporary restraining order preventing defendant from foreclosing on the property until a show cause hearing can be held on Plaintiff's motion for a preliminary injunction.

# PRAYER

15. For these reasons, plaintiff asks that the court do the following:

    a.   Defendant be prevented from foreclosing on and selling the property until and unless defendant prevails in the current litigation.

    b.   Enter judgment for plaintiff.

    c.   Award costs of court.

    d.   Grant any other relief it deems appropriate.

**Respectfully Submitted,**

Date: _8-24-11_

Christopher January
1417 South Ridgeley Dr.
Los Angeles, CA. 90019

**PROOF OF SERVICE**

1

2

3     I, _Christopher January_ (name), declare as follows. I am over the

4     age of 18 years. My address is:

5     _1417 South Ridgeley Dr._

6     _Los Angeles, CA. 90019_

7

8     On _8-24-11_ (date), I served the foregoing document described

9     as:

10    _PETITION FOR Restraining ORDER_

11    _AFFIDAVIT TEMP Restraing order_

12

13

14

15    on all interested parties in this action by placing a true and correct copy thereof in a

16    sealed envelope, with first-class postage prepaid thereon, and deposited said

      envelope in the United States mail in _Los Angeles_, addressed

17    to:                                                    (city, state)

18

19    _TD Service Co._ (name)           _Larry J. Dreyfuss_ (name)

20    _Patrick J. D._ (address)          _7700 Irvine Center Drive_ (address) _#710_

21    _1820 E. First St._ (address)      _Irvine, CA. 92618_ (address)

      _Suite 300_

22    _Santa Ana, CA. 92765_

23    I declare under penalty of perjury that the foregoing is true and correct.

24    Executed on _8/24/11_  at _Los Angeles_

25                    (date)              (place of signing)

26                     _Joyce Garcia_ (signature)

27                    _Joyce Garcia_ (name)

28