Lawrence J. Dreyfuss, Bar No. 76277
THE DREYFUSS FIRM
A Professional Law Corporation
7700 Irvine Center Drive, Suite 710
Irvine, California 92618
(949) 727-0977; Facsimile (949) 450-0668

Attorneys for Defendant T.D. Service Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JANUARY, | Case No.: SACV11-1133-AG (RNBx) |
| Plaintiff, | |
| vs. | MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO "PETTITION" (SIC) FOR RESTRAINING ORDER |
| TD SERVICE COMPANY, | |
| Defendants | |

    Without the formality of ex parte notice or a noticed motion, and therefore in violation of Rule 65(b) of the FRCP, plaintiff has filed a petition seeking a restraining order. This petition is not founded upon any admissible evidence and it is improper since the beneficiary who would be affected directly by the relief sought, Bank of America, has been dismissed from this case. T.D. Service Company, the only remaining defendant, is merely the foreclosure trustee acting as ministerial agent to process the foreclosure documents. It has no direct interest in whether the sale takes place since title from the foreclosure or funds paid by a third party bidder would go to Bank of America as beneficiary, and not to T.D. Service Company as trustee. In the absence of this indispensible party, it would be totally improper for the court to grant the relief that plaintiff is seeking.

Moreover, the various points raised in the moving papers are without merit. Most of these issues are not even mentioned in the pending complaint, and are not before the court in any form. As the complaint is currently drafted, plaintiff has no possibility whatsoever of prevailing, and therefore is not entitled to the equitable relief that he seeks by the present petition. To obtain a restraining order, the moving party must demonstrate probable success on the merits and not merely irreparable injury. (See Associated General Contractors of California, Inc. v. Coalition for Economic Equity (1991, 9th Cir.) 950 F.2d 1401; Rodde v. Bonta (2004, 9th Cir.) 357 F.3d 988.)

In the amended complaint pending before this court, plaintiff has asserted two causes of action for violation of the Fair Debt Collection Practices Act. As shown in the motion to dismiss set for hearing on October 17, 2011, a nonjudicial foreclosure does not constitute debt collection under the FDCPA (see Deissner v. MERS 618 F.Supp.2d 1184, 1189; Landayan v. Washington Mutual Bank (2009 WL 2304 7238 at 3); Maguire v. Citicorp Retail Services, Inc. 147 F.3d 232, 236; Perry v. Stewart Title Company 756 F.2d 1197, 1208, so plaintiff cannot prevail on those causes of action. He asserts a third cause of action for fraud, but the only representations ever made in this matter by defendant T.D. Service Company as foreclosure trustee were the statements contained within the Notice of Default and Notice of Trustee's Sale. Plaintiff acknowledges in the complaint that he never relied to his detriment on any such statements, so he cannot prevail on that cause of action. The fourth cause of action is for infliction of emotional distress, but no such cause of action can be stated in the context of economic damage (see Butler-Rapp v. Lourdeaux (2005) 134 Cal.App.4th 1220, 1227; Branch v. Home Fed Bank (1992) 6 Cal.App.4th 793, 801; Smith v. Superior Court (1992) 10 Cal.App.4th 1033, 1040). Moreover, the conduct of a nonjudicial foreclosure by the trustee in keeping with the statutory framework contained within Civil Code § 2924 et seq. is privileged (see Civil Code § 2924(d)) and cannot be viewed as extreme and outrageous conduct that goes beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community, which in turn is

the very definition for a cause of action for intentional infliction of emotional distress. (See Trerice v. Blue Cross of California (1989) 209 Cal.App.3d 878, 883; BAJI 12.74.)

In the petition, plaintiff raises new issues which are outside the scope of the complaint. However, none of these justifies the issuance of a temporary restraining order against T.D. Service Company as foreclosure trustee since the duties of the trustee are limited to the statutory framework within Civil Code § 2924 et seq. (See I.E. Associates v. Safeco Title Insurance Company (1985) 39 Cal.3d 281; Banc of America Leasing & Capital, LLC v. 3 Arch Trustee Services, Inc. (2009) 180 Cal.App.4th 1090, 1097; Residential Capital v. Cal-Western Reconveyance Corp. (2003) 108 Cal.App.4th 807, 827; Kachlan v. Markowitz (2008) 168 Cal.App.4th 316, 334.) The matters referred to in the petition do not fall within the all-inclusive statutory duties for a foreclosure trustee. Although these might raise issues against the beneficiary, that entity, Bank of America, has been dismissed from this action.

Specifically, plaintiff asserts the following new claims:

Plaintiff claims that the defendant (T.D. Service Company) is liable for the alleged wrongful acts of the lender. On the contrary, as established in the cases cited above, a foreclosure trustee is the ministerial agent for the foreclosing beneficiary, and not the other way around. While a principal may be responsible for the wrongful acts of its agent, the reverse is not true. A principal may be liable under the theory of *respondeat superior*, but there is no such concept as *respondeat inferior* whereby an agent is liable for the acts of its principal. Since the principal, Bank of America, has been dismissed from this action, any alleged wrongful acts on its part are not before this court.

As a second point, plaintiff claims that the defendant (T.D. Service Company) is not a holder or real party in interest so it cannot foreclose. Again, plaintiff has this backwards. There is nothing within the all-inclusive statutory framework in Civil Code § 2924 et seq. that requires a foreclosure trustee to be a holder of the note and deed of trust or a real party in interest. It is merely the ministerial agent processing the foreclosure in keeping with the statutory

requirements. While it may be true that Bank of America as beneficiary would need to be the holder of the Note and Deed of Trust and the real party in interest, Bank of America has been dismissed from this action and those issues are therefore not before this court.

As a third point, plaintiff argues that there has been a separation between the Note and Deed of Trust such that a foreclosure cannot take place. No evidence of this claim has been provided to the court and again it is an issue solely for the beneficiary to address and not T.D. as foreclosure trustee. T.D. is acting pursuant to the Power of Sale contained within the Deed of Trust and has nothing to do with the underlying promissory note. Pursuant to Civil Code § 2924(b), a trustee is entitled to rely upon the default information provided by the beneficiary.

The remaining four points raised by plaintiff all concern loan origination. Specifically, plaintiff claims that false fees were charged by the lender, that an improper yield spread premium was assessed, that the loan broker breached his/her fiduciary duty to plaintiff, and that the appraiser gave a false appraisal. No admissible evidence has been submitted to the court in relation to any of these claims. The "Affidavit" supporting the petition is not signed under oath or penalty of perjury. Moreover, as foreclosure trustee substituted in years after the loan was originated, T.D. Service Company, the only remaining defendant, has nothing whatsoever to do with origination of the loan. If these issues could even be established, they would only concern the beneficiary, Bank of America, which has been dismissed from the case, and which therefore has no opportunity to defend itself against these claims.

The only "evidence" submitted to the court is in a document entitled "Affidavit Temporary Restraining Order" filed concurrently with the petition. It is noteworthy that this "Affidavit" is not actually an affidavit, since it is not under oath or penalty of perjury. It is merely a series of bullet points with no accompanying declaration or documentary evidence to support any of plaintiff's claims. It consists solely of speculation and conclusory statements which are not under oath. It argues that defendant T.D. Service Company as trustee has not demonstrated that it is the real party in interest or an agent for that party, or that defendant has

complied with all relevant laws. Plaintiff speculates that certain events occurred after the loan was originated, but provides no basis for that speculation. In any event, since there is no sworn declaration, no evidence whatsoever to support any of plaintiff's assumptions, and since Bank of America, the indispensable party who would actually be affected by the restraining order sought by the plaintiff has been dismissed from this action and has no ability therefore to defend itself against plaintiff's claims, this petition should be denied.

DATED: August 26, 2011

THE DREYFUSS FIRM
A Professional Law Corporation

By: LAWRENCE J. DREYFUSS
Attorneys for Defendant
T.D. Service Company

1040-2621

PROOF OF SERVICE (By Mail)
(CCP Section 1013a(3))

I am over the age of 18, and I am not a party to the within action. I am employed by THE DREYFUSS FIRM. PLC, in the County of Orange, at 7700 Irvine Center Drive, Suite 710, Irvine, CA 92618.

On August 29, 2011, I served the attached: **Memorandum of Points & Authorities in Opposition to "Pettition" (sic) for Restraining Order** on the interested parties in this action by placing true copies thereof in sealed envelopes, addressed as follows:

**Christopher January**
**1417 South Ridgeley Drive**
**Los Angeles, CA 90019**

[ X ]   **(By Mail)**   I placed said envelopes for collection and mailing, following ordinary business practices, at the business offices of THE DREYFUSS FIRM, PLC at the address set forth above, for deposit in the United States Postal Service. I am readily familiar with the practice of THE DREYFUSS FIRM, PLC for collection and processing of correspondence for mailing with the United States Postal Service, and said envelopes will be deposited with the United States Postal Service on said date in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **(By Facsimile Transmission)**   I served the above-described document on the interested parties in this action by sending a true copy thereof by facsimile transmission pursuant to California rules of Court, Rule 2009(i)2, from facsimile machine number (949) 450-0668. The facsimile machine I used complied with California Rules of Court, Rule 2003(3), and no error was reported by the machine. Pursuant to Rule 2009(i)4, I caused the machine to print a transmission record of the transmission

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on August 29, 2011, at Irvine, California.

_____
Roma Klein