UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1133 AG (RNBx)** | Date | August 30, 2011 |
|---|---|---|---|
| Title | CHRISTOPHER JANUARY v. TD SERVICE COMPANY | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

**Proceedings:**     [IN CHAMBERS] ORDER DENYING PETITION FOR RESTRAINING ORDER

Plaintiff Christopher January ("Plaintiff") filed a Petition for Restraining Order ("Petition"). Plaintiff seeks an temporary restraining order ("TRO") against foreclosure of his property. Defendant TD Service Company ("Defendant") opposes the Petition. Plaintiff also asks the Court to set a hearing on whether to issue a preliminary injunction.

Ex parte relief has serious due process implications. *Fuentes v. Shevin*, 407 U.S. 67, 80-82 (1972) (due process requires that affected parties "are entitled to be heard" following "meaningful" notice, except in "extraordinary situations"); *Sniadach v. Family Finance Corp. of Bay View*, 395 U.S. 337, 339-40 (1969) ("the right to be heard 'has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest'"). This is especially true when the ex parte matter is a request for a temporary retraining order. *See Klein v. City of Laguna Beach*, 594 F. Supp. 2d 1142, 1144 (C.D. Cal. 2009) ("A temporary restraining order is an extraordinary and drastic remedy and should not be granted unless the movant, by a clear showing, carries the burden of persuasion.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1133 AG (RNBx)** | Date | August 30, 2011 |
|---|---|---|---|
| Title | CHRISTOPHER JANUARY v. TD SERVICE COMPANY | | |

A TRO or preliminary injunction is a provisional remedy issued before final disposition of the litigation. Its function is to preserve the status quo and prevent irreparable loss of rights before judgment. *Sierra On-Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1422 (9th Cir. 1984). It is a "drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993). Like a preliminary injunction, a TRO may only be awarded upon a clear showing that the moving party is entitled to relief. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Plaintiff bears a heavy burden in seeking an ex parte TRO. Among other shortcomings, the evidence submitted by the Plaintiff lacks proper verification, and the contents of the complaint do not sufficiently demonstrate a likelihood of success on the merits of Plaintiff's claims. Defendant contends that it is merely a foreclosure trustee who is a ministerial agent for the foreclosing beneficiary and whose duties are limited to those set forth in California Civil Code § 2924 et seq. Defendant also argues that Bank of America is the "indispensable party who would actually be affected by the restraining order sought by the plaintiff," but Bank of America was voluntarily dismissed from this action when Plaintiff amended his complaint. (Opposition at 5:5-6.) The Court finds Defendant's arguments persuasive. Plaintiff has not made a sufficient showing that he is entitled to a TRO.

The Court DENIES the Petition. The Court finds an insufficient factual showing to set an order to show cause re preliminary injunction at this time.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |