FILED

2011 SEP -2  PM 12: 13

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY

1  Christopher January
   1417 South Ridgeley Dr.
2  Los Angeles, CA. 90019
   Ph: 310-984-8013
3  colist@iax1.inbox5.com

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  CHRISTOPHER  JANUARY | **CASE NUMBER:** |
| 12                       **Plaintiff** | SACV11-1133-AG(RNBx) |
| 13          **v.** | |
| 14 | |
| 15  TD SERVICE COMPANY | |
| 16 | **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| 17                  **Defendant(s),** | **[FRCP Rule 12(b)(6)]** |
| 18 | |

19

20  Plaintiffs ask the court to deny Defendant's Motion to Dismiss based on F.R.CP. 12(b)(6), failure to

21  state a claim upon which relief can be granted. Plaintiffs have stated claims upon which relief can

22  be granted with specificity and clarity.

23

24  **I.      DISMISSAL IS INAPPROPRIATE UNDER RULE 12(B)(6)**

25  Defendants, in their motion to dismiss under Rule 12 (b)(6), fail to address the issues now before

26  the court.  The only issue before the court is:  Did the plaintiff plead sufficient facts to support a

27  claim for which recovery can be had?

28

On a motion to dismiss, the Court must accept all the factual allegations Plaintiff as true, draw all reasonable inferences in favor of the plaintiff.

> (Scheuer v. Rhodes, 416 U.S. 232, 236, overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto 405 U.S. 319, 322 (1972).) To survive a motion to dismiss a plaintiff need to plead "only facts to state a claim for relief that is plausible on its face." (Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570 (2007).) A dismissal is only appropriate where the plaintiff fails to state a claim supportable by any cognizable legal theory. (Balistreri v. Pacific Police Department, 901 F.2d 696, 699 (9th Cir. 1990).) A complaint must "only give the defendant fair notice of what plaintiff's claim and the grounds of which it rests". (Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated on other grounds by Bell Atlantic Corporation v. Twombly, 550 U.S. at 563.) Any existing ambiguities must [*9] be resolved in favor of the pleading. (Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).)

> In deciding a motion to dismiss, the court must accept as true the allegations of the complaint and must construe those allegations in a light most favorable to the non-moving party. (Wyler Summit Partnership v. Turner Broadcasting Inc., 135 F. 3d 658, 661 (9' Cir. 1998).) Generally, a court may not consider any material beyond the pleading in ruling on a 12(b)(6) motion. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F. 2d 1542, 1555 n. 19 (9th Cir. 1990).) However, where it is inclined to grant a motion to dismiss, a district court should provide leave to amend unless it is clear that a complaint could not be saved by any amendment. (Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996).)

## II. SECTION II ARGUMENT IS FRIVOLOUS

1. Defendant, in defendant's Motion to Dismiss, under Section II makes the argument that:

Since T.D. SERVCE COMPANY was solely acting as substitute trustee, and since Civil Code 2924 expressly provides that a trustee is not subject to the California Fair Debt Collection Practices Act set forth in 1778 et eeq., cannot possibly be liable for the unfair debt collection practices pursuant to the state act."

2. As indicated in Plaintiff original complaint, Plaintiff is prepared to so stipulate. However, the issue argued here is not an issue presently before this court and, therefore, the argument is frivolous, is without merit, and has no bearing on the case at bar. In as much as no such claim was made, the court is without power to consider the argument of Defendant.

## III. FDCPA IS A STRICT LIABILITY STATUTE

3. In Defendant's second argument under section III, Defendant argues that Plaintiff must show harm by the acts of Defendant. Defendants argument is frivolous, is without merit, and has no bearing on the case at bar.

4. Again, Defendant argues Defendant's position from the unsupported pre-supposition that Defendant is a proper agent of the principal. The only issue before the court is agency of the agent to act for the principal. In the event that Defendant proves up agency, Plaintiff is prepared to stipulate to Defendant's argument, however, said argument is frivolous as no such issue is before the court.

## IV. AGENT FAILED TO SHOW AGENCY

5. In Applied Equipment v. Litton (19940 7 Cal.4th 503, 511-514, the California Supreme Court clearly articulated that an agent or employee can be liable. Defendant's suggestion that Defendant was free to engage in fraud and had a license to commit torts without accountability holds no water and flies directly in the face of public policy.

6. Respondent's argument that no liability can be imposed based on an agent's own acts and omissions flies in the face of California statutes, case law, and public policy.
Contrary to the assertions made by Defendant in the moving papers, it is well-established in California law that an agent is liable for acts "wrongful in their nature" Civil Code Section 2343. The section states:

"One who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency in any of the following cases and in no others. . . .

(3) [**51] When his acts are wrongful in their nature." (Emphasis added)

7. The cases of Younan v. Equifax Inc (1980) 111 Cal App 3d 498, Doctor's Company v Sup.Ct (1989) 49 Cal.3d 39, and Allied Equipment v Litton (1994) 7 Cal 4th 503, 510, also stand for the proposition that an agent may be pursued for acts that are tortious or wrongful in nature.

8. As described by the California Supreme Court in Allied, supra, the facts in Younan were as follows:

> "[T]he plaintiff alleged a conspiracy among his insurer and two of the insurer's agents to deprive plaintiff of disability insurance benefits by falsely representing that plaintiff would be examined by a medical doctor who would objectively consider plaintiff's claim for benefits when in fact the examination was to be conducted by a psychiatrist who had agreed, by prearrangement with the insurer, to render a false report to provide a plausible excuse for denying the benefits [Citation] The agents were held subject to liability for conspiracy to commit actual fraud since they had a duty to abstain from injuring the plaintiff through express misrepresentation, [**52] independent of the insurer's implied covenant of good faith and fair dealing [Citation]" (Emphasis added) (See Allied Equipment, 7 Cal 4th at 512-513)

9. In Younan, the court held:

> "The law imposes the obligation that every person is bound without contract to abstain from injuring the person or property of another, or infringing upon any of his rights This duty is independent of the contract and attaches over and above the terms of the contract [fn10] The fact that there existed a contract between the plaintiff and the defendant would not immune the latter from penalty that is ordinarily visited upon tort feasors (Jones v Kelly (1929) 208 Cal 251 [280 P 942])
>
> A cause of action for conspiracy will lie against agents and employees of insurers even though the former are not parties to the agreement of insurance when they join the insurer in a conspiracy to defraud the insured. As such, they are jointly

> liable with those with whom they conspire to commit the tort. The Gruenberg decision is fully consistent with our holding."(Younan, 111 Cal.App.3d at 510.)

10. Clearly, there is no blanket immunity from liability for adjusters in this State, as clearly expressed by Civil Code Section 2343 Recent California case law confirms this For example, in Shafer, supra, the Court of Appeal stated.

> "[W]e rely on principles of agency law dating back more than a century, as codified in the Civil Code "An agent is one who represents another, called the principal, in dealings with third persons Such representation is called agency" (10A West's Ann Civ. Code (1985) § 2295, p 427) "One who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency [P] [P] [w]hen his acts are [*32] wrongful in their nature" (Id, § 2343, p 667)

> "'An agent or employee is always liable for his own torts, whether his employer is liable or not'" (Holt v Booth (1991) 1 Cal App 4th 1074, 1080,fn 5, accord, Michaelis v Benavides (1998) 61 Cal App 4th 681, 686) "In other words, when the agent commits a tort, such as fraud then the agent [is] subject to liability in a civil suit for such wrongful conduct" (Mottola v R L Kautz & Co. (1988) 199 Cal App 3d 98, 108, [**54] accord, Crawford v Nastos (1960) 182 Cal App 2d 659, 664-665, see generally 2 Witkin, Summary of Cal Law (9th ed 1987) Agency and Employment, § 149, p 144)

> "[I]f a tortious act has been committed by an agent acting under authority of his principal, the fact that the principal thus becomes liable does not, of course, exonerate the agent from liability' The fact that the tortious act arises during the performance of a duty created by contract does not negate the agent's liability (Bayuk v Edson (1965) 236 Cal App 2d 309, 320)

## CONCLUSION

Plaintiffs maintains that Defendant(s) motion of dismissal is without merit, and that counsel, in making said claim, has failed to speak with candor with the court. This case must immediately be moved to Rule 16 for case management plan, and Rule 26f for discovery.

Respectfully Submitted,

DATE: 9/2/11

Christopher January
1417 South Ridgeley Dr.
Los Angeles, CA. 90019

# VERIFICATION

I, Christopher January, do swear and affirm that all statements made in this Reply in opposition to the Motion To Dismiss herein are true and accurate, in all respects, to the best of my knowledge.

Christopher January
1417 South Ridgeley Dr.
Los Angeles, CA. 90019

**FIRST NAME**          **SECOND NAME**

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

B. D. WANLESS
Commission # 1900396
Notary Public - California
Riverside County
My Comm. Expires Aug 20, 2014

**NOTARY PUBLIC IN AND FOR**          **Notary Seal**
**THE STATE OF CALIFORNIA**

## PROOF OF SERVICE

I, **Christopher January**, declare as follows. I am over the age of 18 years.

My address is:

**1417 South Ridgeley Dr.
Los Angeles, CA. 90019**

On **September 2, 2011**, I served the foregoing document described as:

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

On all interested parties in this action by placing a true and correct copy thereof in a sealed envelope, with first-class postage prepaid thereon, and deposited said envelope in the United States mail in **Santa Ana, CA.**, addressed to:

Lawrence J. Dreyfuss
THE DREYFUSS FIRM
A Professional Law Corporation
7700 Irvine Center Drive, Suite 710
Irvine, California 92618

I declare under penalty of perjury that the forgoing is true and correct,

Executed on **September 2, 2011** at **Santa Ana**.

*/s/ Joyce Garcia*
**Joyce Garcia**