Lawrence J. Dreyfuss, Bar No. 76277
THE DREYFUSS FIRM
A Professional Law Corporation
7700 Irvine Center Drive, Suite 710
Irvine, California 92618
(949) 727-0977; Facsimile (949) 450-0668

Attorneys for Defendant T.D. Service Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JANUARY,<br><br>　　　　Plaintiff,<br>vs.<br><br>TD SERVICE COMPANY,<br><br>　　　　Defendants | Case No.: SACV11-1133-AG (RNBx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO MOTION TO DISMISS<br><br>DATE:　October 17, 2011<br>TIME:　10:00 a.m.<br>COURTROOM: 10D |

I.

## NONJUDICIAL FORECLOSURE DOES NOT FALL WITHIN THE PROVISIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT SO THE FIRST AND SECOND CAUSES OF ACTION FAIL TO STATE CLAIMS AGAINST T.D. SERVICE COMPANY FOR ALLEGED VIOLATION OF THAT ACT.

In responding to the first and second causes of action, defendant T.D. Service Company ("TD") in its motion to dismiss addresses both the state and federal Fair Debt Collection Practices Acts. In his opposition papers, plaintiff focuses solely upon the state act and concedes that it does not apply to this case. However, he fails to address the various cases cited in the motion to dismiss which confirm that the federal Fair Debt Collection Practices Act likewise does not apply here since foreclosure does not constitute "debt collection" under that Act. (See,

for example, Deissner v. Mortgage Elec. Regis. Sys., 618 F.Supp.2d 1184, 1189 (D.Ariz. 2009) aff'd 2010 WL 2464899 (9th Cir. June 17, 2010); Landayan v. Washington Mutual Bank 2009 WL 3047238, at 3 (N.D.) Cal.Sept.18, 2009) (citing Maguire v. Citicorp. Retail Svcs., Inc., 147 F.3d 232, 236 (2d Cir. 1998) and Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)). Since nonjudicial foreclosure does not constitute debt collection under the Fair Debt Collection Practices Act, there cannot under any circumstances for liability under that Act by TD for processing the nonjudicial foreclosure as substituted trustee. The first and second causes of action should therefore be dismissed.

II.

### THE THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM AGAINST T.D. SERVICE COMPANY FOR FRAUD.

In the opposition papers, plaintiff ignores the allegations regarding his fraud cause of action and instead claims that the motion to dismiss is arguing that plaintiff must show harm by the acts of defendant in order to state a claim. Based upon this heading, he seems to believe that the fraud cause of action falls within the Fair Debt Collection Practices Act. In actuality, as shown in the motion to dismiss, plaintiff has failed to plead fraud with the specificity required for such a cause of action including the names of the persons who originally made the fraudulent misrepresentations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. Tarmann v. State Farm Mutual Auto Insurance Company (1991) 2 Cal.App.4th 152, 157.

In order to state a cause of action for fraud, it is necessary that the plaintiff allege detrimental reliance on purported misrepresentations. In this instance, the only representations made by TD as substituted trustee were those contained in the foreclosure notice. Plaintiff does not allege that he believed the statements in that notice concerning his default. On the contrary, he directly contests the accuracy of those statements. As such, he could not have relied upon them to his detriment, and therefore no cause of action has been stated for fraud. Moreover, as discussed in detail in the motion to dismiss, a foreclosure trustee

is entitled pursuant to Civil Code § 2924(b) to rely upon the default information provided by the foreclosing beneficiary. Accordingly, TD cannot be liable for fraud when it simply relied upon that information, which in turn it was entitled to do as a matter of law. The amended complaint fails to state a cause of action for fraud, and that claim should therefore be dismissed.

### III.

### THE FOURTH CAUSE OF ACTION FAILS TO STATE A CLAIM AGAINST T.D. SERVICE COMPANY FOR INFLICTION OF EMOTIONAL DISTRESS.

In his opposition papers, plaintiff ignores the section of the motion to dismiss addressed to the fourth cause of action for infliction of emotional distress. As shown in the moving papers, no such cause of action may be stated for infliction of emotional distress in the context of economic damages. See Butler-Rapp v. Lourdeaux (2005) 134 Cal.App.4th 1220, 1227; Branch v. Home Fed Bank (1992) 6 Cal.App.4th 793, 801; Smith v. Superior Court (1992) 10 Cal.App.4th 1033, 1040. Likewise, since the acts of a foreclosure trustee in processing a nonjudicial foreclosure pursuant to Civil Code § 2924 et seq. are privileged (see Civil Code § 2924(d)) and since the trustee is entitled to rely upon the information provided by the foreclosing beneficiary (see Civil Code § 2924(b)), such processing of the foreclosure cannot be viewed as extreme and outrageous conduct beyond all bounds of that usually tolerated in a civilized society (see Trerice v. Blue Cross of California (1989) 209 Cal.App.3d 878, 883; BAJI 12.74). Accordingly, no cause of action has been stated for infliction of emotional distress, and the motion to dismiss the fourth cause of action should therefore be dismissed.

DATED: September 8, 2011

THE DREYFUSS FIRM
A Professional Law Corporation

By: LAWRENCE J. DREYFUSS
Attorneys for Defendant
T.D. Service Company

1040-2621

PROOF OF SERVICE (By Mail)
(CCP Section 1013a(3))

I am over the age of 18, and I am not a party to the within action. I am employed by THE DREYFUSS FIRM. PLC, in the County of Orange, at 7700 Irvine Center Drive, Suite 710, Irvine, CA 92618.

On September 8, 2011, I served the attached: **Memorandum of Points & Authorities in Reply to Opposition to Motion to Dismiss** on the interested parties in this action by placing true copies thereof in sealed envelopes, addressed as follows:

**Christopher January**
**1417 South Ridgeley Drive**
**Los Angeles, CA 90019**

[ X ]  **(By Mail)**    I placed said envelopes for collection and mailing, following ordinary business practices, at the business offices of THE DREYFUSS FIRM, PLC at the address set forth above, for deposit in the United States Postal Service. I am readily familiar with the practice of THE DREYFUSS FIRM, PLC for collection and processing of correspondence for mailing with the United States Postal Service, and said envelopes will be deposited with the United States Postal Service on said date in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **(By Facsimile Transmission)**    I served the above-described document on the interested parties in this action by sending a true copy thereof by facsimile transmission pursuant to California rules of Court, Rule 2009(i)2, from facsimile machine number (949) 450-0668. The facsimile machine I used complied with California Rules of Court, Rule 2003(3), and no error was reported by the machine. Pursuant to Rule 2009(i)4, I caused the machine to print a transmission record of the transmission

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on September 8, 2011, at Irvine, California.

Roma Klein