UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER JANUARY,<br><br>              Plaintiff(s),<br><br>     v.<br><br>BANK OF AMERICA, NA, ET AL,<br><br>              Defendant(s). | CASE NO.<br><br>SACV 11-1133-AG(RNBx)<br><br><u>SCHEDULING ORDER</u><br><u>SPECIFYING PROCEDURES</u><br><br>1.   Discovery Fact Cut-Off:<br>     <u>June 18, 2012</u><br><br>2.   Final Pretrial Conference:<br>     <u>August 27, 2012</u><br>     at 8:30 a.m.<br><br>3.   Jury Trial:<br>     <u>September 18, 2012</u><br>     at 9:00 a.m. |

    With this Scheduling Order Specifying Procedures, the Court orders the following concerning the dates and procedures in this case. Counsel are ordered to be completely familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and the FAQ's about Judges' Procedures and Schedules posted by these Chambers on the Central District website at http://www.cacd.uscourts.gov.  If there is a first appearance by any party

after the date of this Order, Plaintiff counsel shall give notice of this Order to that party.

1      Discovery. The Court sets a discovery cutoff on the date stated in the caption of this Order. The following discovery schedule shall apply.

    1.1    Depositions. All depositions shall occur on or before the discovery cutoff date. A deposition which was started on or before the discovery cutoff date may continue beyond the cutoff date, if reasonably necessary for completion.

    1.2    Other Discovery. All interrogatories, requests for admission, requests for production, or the like, shall be served at least forty-five days before the discovery cutoff date. The Court will not approve stipulations between counsel which permit discovery responses to be served after the cutoff date except in unusual circumstances and upon a showing of good cause.

    1.3    Discovery Motions. The Magistrate Judge assigned to this case shall hear all discovery motions. Discovery motions shall be filed and served as soon as possible and never later than 30 days after the discovery cutoff date. <u>The parties are ordered to strictly comply with the requirements of all Local Rules at Local Rule 37 *et seq.* in preparing and filing Discovery Motions</u>. The Court expects counsel to resolve most discovery problems among themselves in a courteous, reasonable, and professional manner. Frequent resort to the Court for guidance in discovery is generally unnecessary.

    1.4    Expert Discovery. The discovery cutoff provisions in this Order include expert discovery, unless otherwise ordered by the Court. Unless the parties otherwise stipulate in writing and obtain the Court's approval, the Court orders the sequence of disclosures as provided by Fed. R. Civ. P. 26(a)(2)(C), except that the initial disclosure shall occur at least 120 (not 90) days before trial, and if an expert is identified under Fed. R. Civ. P. 26(a)(2)(C)(ii), any deposition of such expert shall occur as soon as reasonably possible, but may occur after the

discovery cutoff date.

2. <u>Final Pretrial Conference</u>. The Court sets a Final Pretrial Conference under Fed. R. Civ. P. 16 on the date stated in the caption of this Order. <u>The parties are ordered to strictly comply with the requirements of all Local Rules at Local Rule 16 *et seq*</u>. The proposed Final Pretrial Conference Order shall be in the format set forth in Appendix A to the Local Rules, and state the settlement procedure that was followed.

3. <u>Joinder and Amendment Motions</u>. Absent exceptional circumstances, any motion to join another party or to amend a pleading shall be filed and served within 60 days after the date of this Order and noticed for a hearing occurring within 90 days after the date of this Order.

4. <u>Summary Judgment or Partial Summary Judgment Motions</u>. Such motions shall be noticed for a hearing occurring not less than 25 days before the Final Pretrial Conference, unless otherwise allowed by the Court.

5. <u>Settlement</u>. In every case, if the parties and attorneys are unable to resolve the matter on their own, the Court requires that there be a settlement conference before <u>an independent settlement officer</u>, to be conducted before the Final Pretrial Conference. Counsel may agree on an appropriate procedure, such as a settlement conference with a magistrate judge, retired judge, or attorney, or similar alternative devised by counsel.

6. <u>Trials</u>. The Court sets a trial date on the date stated in the caption of this Order. The following procedures shall apply.

    6.1 <u>In limine motions (jury trials)</u>. Any motion in limine shall be filed and served not later than ten court days before the Final Pretrial Conference, and any opposition shall be filed and served five court days before the Final Pretrial Conference. Motions in limine are most proper when directed to prevent even the improper mention of a highly sensitive issue, or to save expense by determining whether a witness will be allowed to testify, or to allow a thorough

review of a significant and difficult evidentiary issue.  Most motions in limine are best left for rulings in the context of the trial.

      6.2    <u>Voir dire questions (jury trials)</u>.  The Court will question jurors concerning standard topics. Any special questions or topics requested to be put to prospective jurors by the Court on voir dire shall be filed and served at least seven days before trial.

      6.3    <u>Jury instructions (jury trials)</u>.  The Court prefers to use instructions from the Manual of Model Jury Instructions for the Ninth Circuit, following all the Local Rules at Local Rule 51 *et seq.* The Court usually gives the following preliminary instructions to the jury before opening statement: 1.1B, 1.3, 1.6, 1.7, 1.8, 1.9, 1.10, 1.11, 1.12, 1.13, 1.14, 1.18, and 1.19.  At least seven days before trial, counsel shall file with the Court the following:

           6.3.1    A joint set of jury instructions on which there is agreement. (Plaintiff counsel has the burden of preparing the joint set of jury instructions.)

           6.3.2    Each party's proposed jury instructions which are objected to by any other party, accompanied by points and authorities in support of those instructions.

           6.3.3    Each party's points and authorities supporting their objections to another party's proposed jury instructions.

      6.4    <u>Special verdict in jury trials</u>.  If any special forms of verdict are requested, they shall be prepared, filed, and served under Local Rules 49-1 and 49-2.

      6.5    <u>Exhibits</u>.  Unless an electronic alternative is approved by the Court, counsel shall prepare an original set and a copy set of trial exhibits in 3-ring binders, each tabbed down the right side with the exhibit number, prefaced by an index of each exhibit, following Local Rule 26-3 in numbering exhibits.  If voluminous exhibits will be delivered to the Court's loading dock, the delivery

should be coordinated <u>before trial</u> with the Courtroom Deputy Clerk at AG_chambers@cacd.uscourts.gov.

      6.6    <u>Submission at trial</u>. Counsel shall submit the following to the Courtroom Deputy Clerk on the first day of trial:

          6.6.1    The original exhibits binder set with the Court's exhibit tags attached and filled out showing the case number, case name, and exhibit number. (Exhibit tags must be attached so as not to cover exhibit text.)

          6.6.2    The copy exhibit binder set for use by the Judge.

          6.6.3    Three copies of exhibit lists, showing which exhibits may be received into evidence without objection.

          6.6.4    Three copies of witness lists with estimates of the total time on the stand for each witness..

          6.6.5    A transcript or copy of any deposition or other discovery response to be read to the jury, following Local Rule 16-2.7.

          6.6.6    (Jury trials) A very short description of the case approved by all parties to be read to the jury at the beginning of the trial. As an alternative, the Court may allow the parties to briefly describe the case to the jury.

      6.7    <u>Trial times</u>. Trial times generally are 9:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. Tuesday through Thursday, and 8:00 a.m. to 1:30 p.m. on Friday.

      6.8    <u>Witnesses</u>. If counsel runs out of witnesses, the Court may deem that counsel has rested. Counsel must keep opposing counsel informed about upcoming witnesses, always informing opposing counsel of the witness for the next court day before 5:00 p.m. of the previous court day. Only one attorney per party shall examine and defend a witness.

    6.9 <u>Admission of Exhibits.</u>  When counsel thinks an exhibit is admissible and should be admitted, counsel should move its admission.

    6.10 <u>Objections</u>.  Objections should be brief, stating only, "Objection" followed by the specific legal ground such as "Hearsay" or "403."

    6.11 <u>Decorum</u>.  Trials will be conducted in a dignified manner, following the traditional rules of trial decorum. Show respect for the trial process by being on time. Do not address witnesses over age 14 by their first names. Most examination and argument should be done at the lectern. The Court recognizes that at times it is necessary to enter the well in this courtroom.

IT IS SO ORDERED.

Dated: September 12, 2011

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Courtroom Deputy Clerk:
Lisa Bredahl
ag_chambers@cacd.uscourts.gov