UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 11-1133 AG (RNBx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | CHRISTOPHER JANUARY v. TD SERVICE COMPANY | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:**   [IN CHAMBERS] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

Plaintiff Christopher January ("January") filed a Complaint ("Complaint") against Defendants Bank of America, N.A. ("Bank of America") and TD Service Company ("TD Service," or "Defendant") on July 28, 2011.

On August 17, 2011, Plaintiff filed a First Amended Complaint ("FAC") solely against TD Service, thus mooting TD Service's Motion to Dismiss the original complaint filed one day later. Although the Court did not grant leave to amend, a party may amend its complaint without leave within 21 days of service. Fed. R. Civ. P. 15(1)(A).

Defendant TD Service now files the current Motion to Dismiss the Amended Complaint ("Motion") and a request for judicial notice supporting the motion ("Request for Judicial Notice"). Plaintiff January opposes the Motion.

The Court GRANTS the Motion to Dismiss with leave to amend.

**BACKGROUND**

Bank of America is attempting to foreclose upon Plaintiff's home for failure to make

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 11-1133 AG (RNBx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | CHRISTOPHER JANUARY v. TD SERVICE COMPANY | | |

payments totaling $488,331.93 as of July 4, 2011. (FAC ¶ 13.) Bank of America hired TD Service to substitute in as trustee to process the foreclosure. Plaintiff alleges that around June 5, 2009, Defendant TD Service sent him a notice that Defendant was the "agent" for Bank of America, and made a "demand on Plaintiff for payment of an alleged debt." (FAC ¶¶ 8, 9.)

Plaintiff alleges that he never entered into a contract with Defendant, and contests Defendant's authority to collect upon the debt. (FAC ¶ 10.) Plaintiff demands strict verified proof of Defendant's authority to collect the debt. (FAC ¶¶ 17-27.) Plaintiff seeks to allege four Claims. Claims One and Two are both for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Claim Three alleges common law fraud, and Claim Four alleges intentional and negligent infliction of emotional distress.

Plaintiff is still currently living at the Property. (FAC ¶ 1.)

**PRELIMINARY MATTERS**

Defendant asks the Court take judicial notice of five documents: the Deed of Trust, the Assignment of the Deed to Bank of America, the Notice of Default, the Substitution of Trustee, and the Notice of Trustee's Sale.

At its discretion, the court may consider two kinds of documents when ruling upon a motion to dismiss. First, the Court may take notice of documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994) (overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir.2002)). Second, the court may take notice of documents that are subject to judicial notice under Federal Rule of Evidence 201(b). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1133 AG (RNBx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | CHRISTOPHER JANUARY v. TD SERVICE COMPANY | | |

to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original).

The Court finds it appropriate here to take notice of these five documents, both because they are not subject to reasonable dispute, and because the contents of those documents are raised in the Complaint. Furthermore, Plaintiff's FAC requests proof of Defendant's authority as trustee. Thus, it is appropriate to consider these documents now.

## **LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 585 n.3 (9th Cir. 2010).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *id.*, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is appropriate only when the Court is satisfied that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1133 AG (RNBx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | CHRISTOPHER JANUARY v. TD SERVICE COMPANY | | |

deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). A claim may be dismissed with prejudice if "amendment would be futile." *Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007) (citing *Albrecht v. Lund*, 845 F.2d 193, 197 (9th Cir. 1988)).

## ANALYSIS

Defendant moves to dismiss all four Claims in the FAC. The Court now reviews each claim. The Court also addresses Plaintiff's request for verified proof of TD Service's authority.

**1. CLAIMS ONE AND TWO: VIOLATION OF THE FDCPA**

Defendant's role in the foreclosure was to act as a substituted trustee to process the foreclosure. Defendant argues that Claims One and Two do not apply because a trustee is not subject to the California Fair Debt Collection Act. Cal. Civ. Code § 2924(b). But it appears from the FAC and Plaintiff's Opposition that Claims One and Two are based on the FDCPA, not state law.

Defendant argues that Plaintiff's FDCPA allegations are also barred because those allegations solely relate to the foreclosure proceedings, and foreclosure proceedings are not "debt collection" proceedings under the FDCPA. *See, e.g., Deissner v. Mortgage Elec. Regis. Sys.*, 618 F.Supp. 2d 1184, 1189 (D. Ariz. 2009); *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp.2d 1188, 1204 (D. Or. 2002); *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 190 (S.D. Tex. 2007) ("Mortgage companies collecting debts are not debt collectors."). Thus, Plaintiff cannot base an FDCPA claim on the alleged facts.

Plaintiff argues in his Opposition that "in the event that Defendant proves up agency, Plaintiff is prepared to stipulate to Defendant's argument . . . ." (Opp. 3:11-12.) The Court understands this to mean that Plaintiff concedes that if Defendant can prove that it was acting as a trustee in a bona fide foreclosure, Plaintiff is prepared to concede that its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1133 AG (RNBx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | CHRISTOPHER JANUARY v. TD SERVICE COMPANY | | |

FDCPA claims are barred. The Court finds that Defendant's exhibits demonstrate that it is an agent of Bank of America, and was properly engaged in a legal foreclosure proceeding. Thus, the FDCPA claims are barred.

Plaintiff also, somewhat confusingly, goes on to argue that Defendant's Motion fails because as an agent, Defendant must be liable for any wrongful acts of the principal, Bank of America. (Opp. 3:17-20.) Agency law does not trump, but rather is preempted by, the FDCPA. Plaintiff's FDCPA claims against Defendant, who was acting as a trustee in a valid foreclosure proceeding, are barred.

The Court GRANTS Defendant's Motion to Dismiss Claims One and Two.

**2.    CLAIM THREE: FRAUD**

Federal Rule of Procedure 9(b) requires Plaintiff to plead each element of fraud with specificity. To satisfy the specificity requirement of Rule 9(b), Plaintiff must allege "the who, what, when, where, and how" of the misconduct. *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted). Thus, factual allegations must include "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Plaintiff's FAC only raises general allegations and thus fails to meet this standard. Plaintiff merely alleges that "Defendant, on or about 6/5/2009 caused to be prepared and sent to Plaintiff, a document noticing Plaintiff that Defendant he [*sic*] agent for the holder of a claim against Plaintiff and the personal and real property of Plaintiff" which "made demand on Plaintiff for payment of an alleged debt." (FAC ¶¶ 8-9.) Plaintiff does not allege who sent him the letter, nor exactly what the letter said. This is a sufficient reason to dismiss Plaintiff's Claim Three.

Furthermore, it appears that the reason for Plaintiff's general allegations is that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1133 AG (RNBx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | CHRISTOPHER JANUARY v. TD SERVICE COMPANY | | |

supposedly fraudulent letter was nothing more than a standard Notice of Default. The Notice, attached to Defendant's Motion, contains standard language about the foreclosure. (Mot., Request for Judicial Notice, Ex. 3.) Defendant's exhibits demonstrate that it is an agent of Bank of America, and was properly engaged in a legal foreclosure proceeding.

The Court GRANTS Defendant's Motion to Dismiss Claim Three.

### 3. CLAIM FOUR: INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff's fourth claim is for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"). Both of Plaintiff's claims fail.

To state a claim for IIED, a plaintiff must allege: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Cervantes v. J.C. Penny*, 24 Cal. 3d 579, 593 (1979). The conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminister*, 32 Cal. 3d. 197, 185 (1982). Nothing in the FAC comes close to alleging outrageous conduct that is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* Defendant merely proceeded with the foreclosure in compliance with the statutory framework.

To succeed on an NIED claim, Plaintiff must plead the traditional elements of negligence, including duty, causation, and damages. *See, e.g., Ess v. Eskaton Properties*, 97 Cal. App. 4th 120, 126 (2002) ("[n]egligent infliction of emotional distress is not an independent tort; it is the tort of negligence"). Plaintiff fails to allege duty or damages. Furthermore, nothing in the FAC indicates that Defendant was negligent with respect to any aspect of the foreclosure proceeding.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-1133 AG (RNBx)** | Date | October 17, 2011 |
|---|---|---|---|
| Title | CHRISTOPHER JANUARY v. TD SERVICE COMPANY | | |

The Court GRANTS Defendant's Motion to Dismiss Claim Four.

### 4. REQUEST FOR VERIFIED PROOF

Plaintiff requests verified proof of TD Service's authority to enforce the foreclosure proceedings. TD Service has essentially done that by attaching the relevant documents to its Motion to Dismiss. Still, district courts "have routinely held that Plaintiff's 'show me the note' argument lacks merit." *Deissner v. Mortgage Elec. Regis. Sys.*, 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009) (citing *Mansour v. Cal-Western Reconveyance Corp.*, No. CV-09-37-PHX-DGC, 2009 WL 1066155, at *2 (D. Ariz. April 21, 2009) (citing *Ernestberg v. Mortgage Investors Group*, No. 2:08-cv-01304-RCJ-RJJ, 2009 WL 160241, at *5 (D.Nev. Jan. 22, 2009)); *Putkkuri v. Recontrust Co.*, No. 08cv1919 WQH (AJB), 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009); *San Diego Home Solutions, Inc. v. Recontrust Co.*, No. 08cv1970 L(AJB), 2008 WL 5209972, at *2 (S.D. Cal. Dec. 10, 2008); *Wayne v. HomEq Servicing, Inc.*, No. 2:08-cv-00781-RCJ-LRL, 2008 WL 4642595, at *3 (D. Nev. Oct. 16, 2008)).

The Court GRANTS Defendant's Motion with respect to the request for Verified Proof.

### **DISPOSITION**

The Court GRANTS Defendants' Motion to Dismiss. If Plaintiff wishes to file a Second Amended Complaint, it must do so within 14 days of this Order.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |